UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRN PHARMACEUTICAL SERVICES, LP, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-01938-TWP-DKL |
| ALPHA HOME ASSOCIATION OF GREATER INDIANAPOLIS, INC., | ) |
| Defendant. | ) |

## ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR LEAVE TO FILE AN ANSWER

This matter is before the Court on Defendant Alpha Home Association of Greater Indianapolis, Inc.'s ("Alpha Home") Motion to Set Aside Default Judgment and for Leave to File an Answer (Filing No. 17). Plaintiff PRN Pharmaceutical Services, LP ("PRN") filed a Complaint against Alpha Home, and after Alpha Home failed to respond, an Entry of Default and a Default Judgment were entered. Alpha Home then moved to set aside the Default Judgment. For the following reasons, the Court **DENIES** Alpha Home's Motion to Set Aside Default Judgment and for Leave to File an Answer.

### I. Background

On December 9, 2013, PRN filed a Complaint against Alpha Home, asserting various contract and equitable claims (Filing No. 1). Alpha Home accepted service of the Summons and Complaint on December 11, 2013 (Filing No. 7). Alpha Home's responsive pleading was due on January 2, 2014, but it failed to respond. Because Alpha Home did not respond to the Complaint, an Entry of Default was entered by the Clerk on January 23, 2014 (Filing No. 9). On February 12, 2014, PRN filed a request for entry of default judgment which certified that a copy was sent via

U.S. Certified Mail to Alpha Home. (Filing No. 10). Again, Alpha Home did not respond and a default judgment was entered against Alpha Home in the amount of $150,115.91 on March 17, 2014 (Filing No. 12).

On April 4, 2014, PRN initiated proceedings supplemental (Filing No. 13), and on April 29, 2014, an order to appear on May 27, 2014, in connection with the proceedings supplemental was served on Alpha Home (Filing No. 14). On May 15, 2014, Alpha Home appeared by counsel, Mr. Gregory P. Gadson (Filing No. 16). Then four days later, on May 19, 2014, Alpha Home moved to set aside the Default Judgment and requested leave to file an Answer (Filing No. 17). In light of the Motion to Set Aside Default Judgment, the Court vacated the hearing on the proceedings supplemental (Filing No. 21), and stayed the enforcement of the Default Judgment pending the resolution of the Motion to Set Aside (Filing No. 25).

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c)(1).

> A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context.

*Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (internal citations and quotation marks omitted). In this case, Rule 60(b) applies because default judgment was entered,

and "relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). A stronger showing is required under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Id.* "Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). Rule 60(b) "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

"[T]he language of our case law is mandatory, stating that a party seeking to vacate a default judgment must make the required showings." *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The standard to set aside a default judgment "squarely places the burden on the moving party" to make each of the required showings of good cause, quick action, and a meritorious defense. *Jones*, 39 F.3d at 162.

### III. Discussion

**1. Good Cause for the Default**

In order to establish good cause, a defaulted defendant must show "something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id.*

> It is true that where exceptional circumstances demonstrate that the events contributing to a default judgment were not within the meaningful control of the defaulting party, Rule 60(b) relief may be warranted. However, where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted.

*Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) (internal citations omitted).

Alpha Home explains that in February 2012, its long-time office manager, who had the responsibility of receiving, opening, and delivering mail, left her employment with Alpha Home. Throughout the remainder of 2012 and all of 2013, Alpha Home had five successive, temporary officer managers who were responsible for the mail. Alpha Home asserts that none of its management were aware of this litigation until after the Default Judgment was entered and the Order was received in the mail.

After receiving the Default Judgment in the mail and learning of the lawsuit, Alpha Home discovered a box of documents, which had been placed by the office manager in one of the rooms at Alpha Home. The Summons and Complaint for this lawsuit were among the documents in the box. Management at Alpha Home were unaware that their temporary office manager had not delivered the mail with the Summons and Complaint to management despite instructions to deliver the mail appropriately and expeditiously. Simply put, Alpha Home's default was "due to inadvertence." (Filing No. 18 at 6.) Because Alpha Home seeks to set aside a default judgment, it must make a "stronger showing of excuse" than if it were requesting to set aside an entry of default.

In opposing the Motion to Set Aside Default, PRN responds that Alpha Home admitted it was served with the Summons and Complaint on December 11, 2013. PRN explains that, contrary to Alpha Home's assertions, a member of Alpha Home's management signed for the certified mail containing the Summons and Complaint, thus Alpha Home management was aware of the litigation on December 11, 2013. PRN asserts that the evidence suggests mishandling of the Summons and Complaint by a temporary office manager was not the reason for Alpha Home's default.

In reply, Alpha Home explains that its manager who signed for the certified mail containing the Summons and Complaint did not open, sort, or distribute mail. He simply signed for the mail on December 11, 2013, and then left the mail on the officer manager's desk.

In the Seventh Circuit, "[w]e have held that 'routine back-office problems . . . do not rank high in the list of excuses for default . . .' *Connecticut National Mortgage Co. v. Brandstatter*, 897 F.2d 883, 884–85 (7th Cir. 1990). Counsel's mistake regarding the date of the hearing, and communication problems with his clients, were just such 'routine' problems. They do not establish good cause for defaulting." *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 46 (7th Cir. 1994) (emphasis added).

Also "we have previously found specifically that lack of communication between attorney and client was not a basis for showing of good cause . . . . Mere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so." *Id.* at 45 (emphasis added). Additionally, "[d]ifficulty finding an attorney [] is not a valid excuse for [a] delay . . . [and] does not constitute 'good cause' to vacate a default judgment." *Wells Fargo Equip. Fin., Inc. v. PMRC Servs., LLC*, 2011 U.S. Dist. LEXIS 13957, at *5 (N.D. Ill. Feb. 11, 2011).

Alpha Home, as the party seeking to set aside the Default Judgment, has the burden of showing good cause for its default. It has failed to do so. Alpha Home has shown only that it experienced routine back-office problems, a lack of communication, and carelessness and lapses of diligence among its employees. This is not enough to establish good cause to set aside the Default Judgment.

If the defaulted defendant fails "to clear the first hurdle when it [does] not show good cause for its default," refusal to set aside the default judgment is appropriate, "even if [the defendant] had a meritorious defense." *Pretzel & Stouffer*, 28 F.3d at 46 (citing *Zuelzke Tool & Engineering*,

925 F.2d at 230 (in Rule 60(b) context, even if a meritorious defense exists, it cannot excuse carelessness)). Alpha Home has not shown good cause for its default, and this alone is sufficient to deny its Motion to Set Aside Default.

**2. Quick Action to Correct the Default**

In order for the Court to set aside the Default Judgment, Alpha Home also must show that it took quick action to correct the default. Alpha Home asserts that this prong is circumstantial and then, without any analysis, claims that it acted quickly because it filed its Motion within the one-year limitation for Rule 60(b) motions.

PRN responds by asserting that waiting four months after the entry of Default and two months after entry of Default Judgment (which was less than two weeks before a hearing on the proceedings supplemental) to file a motion to vacate is not quick action. PRN notes that the one-year limitation to file Rule 60(b) motions is the "outer limit for a court to even consider a motion for relief under Rule 60(b)" and is not the "test for quick action." (Filing No. 22 at 6.) PRN cites to two cases where approximately the same amount of time elapsed and where the court determined that the action taken was not "quick": *Wells Fargo Equip. Fin., Inc., LLC*, 2011 U.S. Dist. LEXIS 13957 (failure to take action for ten weeks after a default judgment was entered was not "quick action;" also collecting cases where even shorter passages of time were deemed "not quick action"); *Leadership Council for Metro. Open Cmtys. v. Quality Realty, Inc.*, 1999 U.S. Dist. LEXIS 18056 (N.D. Ill. Nov. 9, 1999) (failure to take action until approximately three months after entry of default and two months after the default judgment was not "quick action").

Alpha Home failed to even mention this prong in its reply brief and did not address PRN's case law and argument. Alpha Home did not put forth any evidence or argument to show that it acted quickly to correct the Default Judgment. Because Alpha Home failed to do so, the Court

6

cannot assess the expeditiousness of Alpha Home's corrective actions. Therefore, denial of Alpha Home's Motion to Set Aside Default is proper solely on this prong of the test.

**3. A Meritorious Defense to the Complaint**

Assuming Alpha Home had met its burden with respect to the first two prongs, Alpha Home also must establish a meritorious defense to the Complaint before the Court can set aside the Default Judgment. "[A] defendant's response to a motion for default judgment [is] insufficient if it lack[s] a grounding in facts which would support a meritorious defense of the action." *Pretzel & Stouffer*, 28 F.3d at 46 (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)). Furthermore, "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Id.* (quoting *Breuer Electric Manuf. Co. v. Toronado Systems of America*, 687 F.2d 182, 186 (7th Cir. 1982)). A meritorious defense must be "supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165.

The two primary bases for Alpha Home's meritorious defense argument are (1) when Alpha Home reviewed its records in 2007, it determined that it did not owe payments to PRN for outstanding invoices exceeding one hundred thousand dollars, so it now views PRN's 2013 claim as unfounded, and (2) in 2013, the federal and Indiana state governments recouped Medicaid payments from Alpha Home, some of which were for goods and services provided by PRN, thus causing a commercial frustration of the parties' contract. Alpha Home also lists other potential defenses in its proposed, tendered Answer, but it failed to develop and support these defenses.

PRN responds by explaining that it is seeking to recover $144,393.14, plus interest, from Alpha Home for goods and services that it sold to Alpha Home between January 2003 and October 2013. Alpha Home argues that it has a meritorious defense to PRN's Complaint because in 2007 Alpha Home determined that payment was not due to PRN for an amount exceeding one hundred

7

thousand dollars. PRN, however, explains that the portion of the principal balance it seeks to recover from Alpha Home as of December 31, 2007, is only $8,206.66. This assertion is supported by PRN's Exhibit 1 which is attached to the complaint. (*See* Filing 1-1). Alpha Home failed to provide any argument regarding the outstanding principal balance on its accounts with PRN after 2007, thus there is no factual basis to support Alpha Home's argument regarding a meritorious defense to the contractual claim in 2013.

Regarding the commercial frustration defense, PRN responds that this defense is not recognized in Indiana and cites to three cases supporting its position.

In its reply brief, Alpha Home provides only two sentences about "meritorious defenses":

> Even if the Plaintiff is correct, for the sake of argument, that the Defendant may not avail itself of the doctrine of commercial frustration, the Defendant has clearly demonstrated other meritorious defenses, including a steadfast denial of the sums of money claimed to be owed. This is surely enough to meet that prong of the Defendant's requirements.

([Filing No. 24 at 3](#).) Alpha Home has not "demonstrated" anything to the Court. It has listed some potential defenses in a proposed Answer and then has done nothing to develop those defenses. Having missed its opportunity to respond to the Complaint, and with Default Judgment already entered, Alpha Home cannot rely on only general denials and bare legal conclusions. To have the Default Judgment set aside, Alpha Home must establish a meritorious defense that is supported by a developed legal and factual basis. It has failed to do so.

Because Alpha Home does not provide analysis to support its legal conclusions and its factual denials, which appear to be contrary to the evidence, it has not done enough to show a meritorious defense to the Complaint.

## IV. Conclusion

As the party seeking to set aside the Default Judgment, Alpha Home had to establish good cause for its default, quick action to correct it, and a meritorious defense to the Complaint. Alpha Home did not satisfy any of the three requirements. Having failed to do so, the Court **DENIES** Alpha Home's Motion to Set Aside Default Judgment and for Leave to File an Answer (Filing No. 17).

The stay on enforcement of the Default Judgment pending the resolution of Alpha Home's Motion to Set Aside Default Judgment (Filing No. 25) is lifted. Having denied Alpha Home's Motion to Set Aside Default Judgment, PRN may proceed with its proceedings supplemental.[1]

**SO ORDERED.**

Date: 01/26/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Darren A. Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Michele Lorbieski Anderson
FROST BROWN TODD LLC
mlanderson@fbtlaw.com

Gregory P. Gadson
LEE FAIRMAN LLP
ggadson@nleelaw.com

---

[1] Although no notice was filed in this case, it has come to the Court's attention that Alpha Home filed a voluntary Chapter 11 Petition for Bankruptcy under Case No. 14-BR-7997 JJG-11 on August 26, 2014. The Court has no knowledge as to whether PRN was listed as a creditor. Regardless, the Petition was dismissed on January 22, 2015 therefore the automatic stay required by 11 U.S. Code §362 is not in effect and PRN may proceed with its collection efforts.